O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| PIER 59 STUDIOS L.P., a Delaware Limited Partnership, | ) ) ) | Case No. CV11-1533 ODW (VBKx) |
| Plaintiff, | ) ) ) | Order **GRANTING** Defendant's Motion to Transfer Venue [16] [Filed 12/18/11] |
| v. | ) ) ) | |
| SKY I.T. GROUP, LLC, a New Jersey Limited Liability Company; SIMON HOVA, an individual; and DOES 1 through 10, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## I.  INTRODUCTION

Currently before the Court is Defendant SKY I.T. GROUP, LLC's ("SIG"), Motion to Dismiss or, in the alternative, transfer PIER 59 STUDIOS L.P.'s ("Plaintiff") action pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue.  Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  For the reasons discussed below, the Motion is GRANTED.

## II.   BACKGROUND

According to the First Amended Complaint ("FAC"):

Plaintiff provides studios for photography, commercial advertising, television productions, film productions and special events.  Plaintiff is a Delaware Corporation

with offices in New York and California.  (FAC ¶ 9.)  Defendant Simon Hova ("Hova")
is an individual and an employee of SIG.  (FAC ¶ 3.)  Hova is domiciled in New York
and SIG is a New Jersey corporation with its principal place of business in New York.
(FAC ¶¶ 3-4.)

Plaintiff's marketing strategy utilizes Google Maps.  (FAC ¶ 10.)  In the early
morning hours of February 15, 2011, SIG and Hova "hacked into Plaintiff's or Google
Maps's servers, altering Plaintiff's address information to identify an incorrect address
located approximately 3.5 miles away. [SIG and Hova] also altered Plaintiff's phone
number."  (FAC ¶ 11.)  Later on February 15, 2011, Plaintiff hosted a fashion show, to
which many of the invitees were late or absent because of the erroneous information that
was created on Google Maps.  (FAC ¶ 12.)

Plaintiff filed a Complaint against Defendants on February 18, 2011 in this Court
for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (Dkt. No. 1.)  The
Complaint was amended by the FAC on July 7, 2011.  On July 28, 2011, SIG filed the
instant motion to dismiss the action or transfer venue from this Court to the Southern
District of New York. (Dkt. No. 16.)  Plaintiff filed its opposition to SIG's motion on
August 22, 2011 (Dkt. No. 20) to which SIG replied on August 26, 2011 (Dkt. No. 21).

### III.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(3) provides for the dismissal of an action for improper venue.
When venue in a particular district is improper, the court "shall dismiss, or if it be in the
interest of justice, transfer such case to any district or division in which it could have been
brought."  28 U.S.C. § 1406(a).

In evaluating a Rule 12(b)(3) motion, the Court does not need to accept the
pleadings as true, and facts outside the pleadings may be considered.   *Murphy v.
Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  Once a defendant has
raised a timely objection to venue, the plaintiff has the burden of showing that venue is
proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th
Cir.1979).

### VI.   DISCUSSION

SIG has presented two arguments propounding that Plaintiff's venue choice was improper: (1) the claim must be dismissed or transferred under 28 U.S.C. § 1406(a) and (2) venue should be transferred pursuant to 28 U.S.C. § 1404(a).  (Mot. at 1-2.)  Only SIG's first argument will be addressed, because the Court finds that venue is improper and must dismiss or transfer the action pursuant to § 1406(a).

28 U.S.C. § 1406(a) reads "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or . . . transfer such case to any district in which it could have been brought." Proper venue is defined by 28 U.S.C. § 1391.  Courts use § 1391(b) when federal jurisdiction is not based solely on diversity of citizenship.  Here, it is undisputed that federal jurisdiction is based on federal question, specifically the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  (FAC ¶¶ 19-20.) Therefore, the definition of proper venue will be analyzed under 28 U.S.C. § 1391(b)(1), which requires that an action be brought in "a judicial district where any defendant resides, if all defendants reside in the same State . . . ."[1]

Plaintiff reads the language in § 1391(b)(1) as support that venue is proper in this district because Plaintiff argues that SIG resides in the Central District of California[2] and it is undisputed both defendants reside in the same State, New York.  However, Plaintiff's interpretation of § 1391(b)(1) is misguided.  The proper way to read § 1391(b)(1) is "venue is proper in a judicial district where any defendant resides, *in the State* in which all defendants reside." *Henneghan v. Smith*, No. 09-CV-07381(RJH), 2011 WL 609875, at *3, n.3 (S.D.N.Y. Feb. 17, 2011) (emphasis in original); *see also Modak v. Alaris Cos., LLC*, No. C 08-5118, 2009 WL 1035485, at *2-3 (N.D. Cal. Aug. 27, 2007) (finding venue improper in the Northern District of California when two corporations resided in Texas, but only one of the two resided in the Northern District of California) *and Carson Optical, Inc. v. Telebrands Corp.*, No. 3:06 CV 821, 2007 WL 2460672, at *4-5 (D.

---

[1]Under *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d at 496, Plaintiff bears the burden of showing venue is proper.  Plaintiff does not present argument under either 28 U.S.C. § 1391(b)(2) or (3).  Thus these statutes will not be considered in the instant motion.

[2]For venue purposes, a corporate defendant resides in any judicial district where it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  The Court makes no finding as to whether SIG is a resident, for venue purposes, of the Central District of California.

3

Conn. Aug 27, 2007) (finding venue improper in the District of Connecticut when two corporations resided in New York, but only one of the two resided in Connecticut).

Under the proper reading of 1391(b)(1), the Central District of California is an improper venue because New York, not California, is the State in which all defendants reside. Therefore, pursuant to 28 U.S.C. § 1406(a) the Court must dismiss or transfer the action to a district or division which it could have been brought. The decision between dismissing or transfer to a district with proper venue is a matter within the sound discretion of the district court. *See Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

In the instant case, the Court finds that "the interest of justice" warrant transferring the case rather than dismissing it. The action could have been brought in the Southern District of New York because it is "a judicial district where any defendant resides, if all defendant reside in the same state." 28 U.S.C. § 1391(b)(1). Both Hova and SIG reside in the Southern District of New York and are residents of the State of New York. (FAC ¶¶ 3-4.) Therefore, this Court may and does hereby transfer the action pursuant to § 1406(a).

## V.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to transfer venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). This case shall be transferred forthwith to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**

September 26, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE